

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-502-06

---

### NICHOLAS GEORGE KLEIN, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON  COUNTY

---

COCHRAN, J., filed a dissenting opinion in which PRICE, WOMACK and JOHNSON, JJ., joined.

### O P I N I O N

I join Judge Price's concurring and dissenting opinion.  I write separately only to emphasize that no one in this case accused the complainant of fabricating her testimony–either recently or long ago.  The defendant's position was that the prosecutor confused the child with his questions and that she therefore inadvertently said that appellant had molested her when she meant to say that he had not.  Nowhere in this record does

appellant accuse the child of lying on the witness stand or making up her testimony. He did not either implicitly or explicitly accuse her of improper motives in her testimony. His position was that the prosecutor "tricked" the child into accidentally misstating the facts during one series of his questions. Therefore, the prior out-of-court statements that she made to a CPS investigator and a police investigator could not possibly qualify as statements offered to rebut an explicit or implicit charge of recent fabrication by the complainant.

Rule 801(e)(1)(B) allows a party to rehabilitate a witness who, on cross-examination, has been accused–subtly or directly–of recently fabricating or changing his testimony for some improper reason.[1] In essence, the opposing party is accusing the witness of lying and of recently making up that lie. When this occurs, the sponsoring party may rehabilitate the witness by offering out-of-court statements that are consistent with that witness's in-court testimony and that were made before the witness had a motive to change his testimony. The rehabilitation evidence shows that the witness has said the same thing, sung the same tune, both before and after the alleged improper influence or motive arose. Thus, goes the logic, the purported improper influence or motive (such as a bribe, offer of a "deal" to a co-defendant, a pending civil lawsuit, and so forth), did not, in fact, change the witness's testimony. The witness has consistently said the same thing, regardless of any bribe, plea

---

[1] Rule 801(e)(1)(B) reads:
A statement is not hearsay if. . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." TEX. R. EVID. 801(e)(1)(B).

deal, civil lawsuit, etc.

Appellant's position in this case is not that the child was improperly influenced with a bribe, or threatened, or promised something if she testified in a certain way.  It is that the prosecutor confused her with his questions on the witness stand.  That position does not attack the witness; it attacks the cross-examiner.

Filed: October 1, 2008

Publish